IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HECTOR RIVERA, :
             Plaintiff, : CIVIL ACTION
: NO. 15-864
v. :
:
SUPERINTENDENT GLUNT et al., :
             Defendants. :

**ORDER**

AND NOW, this 22nd day of May, 2015, upon consideration of the Report and Recommendation of the Honorable Carol Sandra Moore Wells, Chief United States Magistrate Judge, dated March 25, 2015, (Dkt No. 3), and Petitioner's Objections, (Dkt No. 5), it is hereby ORDERED that:

1. Petitioner's Objections are OVERRULED;[1]

---

[1] In her Report and Recommendation ("R&R") to this Court, the Honorable Carol Sandra Moore Wells, Chief Magistrate Judge, held that:

> The only claim presented in the Petition is an assertion that a letter Petitioner received from the Pennsylvania Innocence Project demonstrates that he is actually innocent of raping a minor victim. Unfortunately, even if that letter proved that Petitioner did not commit rape, the conviction of a factually innocent person does not violate any right guaranteed by the federal constitution. *See Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993). Hence, Petitioner does not present a cognizable claim. Moreover, because it plainly appears that Petitioner cannot obtain habeas relief based on his only assertion of error, his petition should be dismissed pursuant to Rule 4.

(Dkt No. 3 [hereinafter R&R].)

Petitioner lodges two objections, (Dkt No. 5 [hereinafter Objs.]), to the Report and Recommendation ("R&R"). The Court will address each in turn.

First, Petitioner argues that *Herrera* is distinct and inapplicable to this case. (Objs. at 2.) Specifically, Petitioner differentiates his case from *Herrera* explaining that in *Herrera*, the petitioner had given a signed confession and entered a plea of guilty, whereas in this case, Petitioner maintained his innocence. (Objs. at 2.) This is a distinction of no import. Petitioner is making the same argument as the petitioner in *Herrera*: that there are facts available to show actual innocence. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera*, 506 U.S. at 400. The Court affirms the R&R's application of *Herrera* to this case.

Second, Petitioner argues that the R&R failed to address his claim that his Sixth Amendment rights were violated by his counsel's ineffective performance in failing to "use the complainant's

1

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The Petition for Writ of Habeas Corpus is DISMISSED without an evidentiary hearing;

4. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. DARNELL JONES II,    J.

---

testimony at the preliminary hearing to impeach her trial testimony about the alleged first bathroom sexual assault." (Objs. at 2.)

    Petitioner is correct that the R&R does not address a Sixth Amendment claim. The R&R fails to address any Sixth Amendment claim because Petitioner failed to raise such a claim. The Petition in no way states a Sixth Amendment claim. The only claim advanced in the Petition states that "after-discovered evidence in the form of a certified documentation from the Pennsylvania Innocence Project stating that the alleged victim with which Petitioner is accused of raping is willing to testify that Petitioner did not in fact rape the alleged victim…" should be considered. (Dkt No. 1, Petition.) This is not a Sixth Amendment claim. The Court may only address those claims that Petitioner raises in a Petition. Petitioner cannot raise new claims in a response to a R&R. The R&R is adopted and affirmed in all respects.